UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA OSENROTH,

        Plaintiff,

                                  Case No. 11-15257

v.                                   Honorable David M. Lawson

DEERE & COMPANY,

        Defendant.

_____/

## ORDER DENYING JOINT MOTION TO FILE DOCUMENTS UNDER SEAL

On September 5, 2012, the parties filed a joint motion for permission to file settlement documents under seal. The parties indicate that some exhibits to the settlement contain information regarding the identity of a minor plaintiff and the amount and structure of the settlement. The parties contend that the settlement documents must be sealed to protect the identity of the minor and the confidentiality of the settlement.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records which permits inspection and copying.

The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be

inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

There is a strong public policy in favor of public access to judicial proceedings. *See, e.g., E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records").  Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know.  But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. at 602 (court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v.. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of

-2-

access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997).

In this case, the parties have not presented anything to suggest that their interest in privacy outweighs the public interest in disclosure. Although it is true that the identity of the minor should be kept confidential, that issue can be addressed by redacting the minor's name and substituting initials, in accordance with Federal Rule of Civil Procedure 5.2(a)(3). The Court notes that both parties already have disclosed the name of the minor plaintiff in their filings with the Court, in violation of that rule. Further, the parties have presented no basis upon which the Court could find that the terms of the settlement should be made confidential. Court records are presumptively open to the public, and a substantial showing must be made to justify sealing. The parties have not made such a showing here.

Accordingly, it is **ORDERED** that the parties' joint motion for permission to file settlement documents under seal [dkt. #13] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 7, 2012

-3-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 7, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL